*C/m*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUNE 9 2005 ★

BROOKLYN OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In the Matter of:

LIJYASU M. KANDEKORE

Petition for Reinstatement

**ORDER**
97-MC-0195

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Petitioner was disbarred by the Appellate Division following his felony conviction.

Based on the latter order of disbarment, petitioner was subsequently disbarred by the State

of Florida, and the Eastern and Southern Districts of New York. The reciprocal disbarment

order was entered here in 1997, after petitioner defaulted in responding the order to show

cause why he should not be disbarred. Petitioner now claims that he was not aware of the

proceedings culminating in the default order of disbarment because he was never served with

process, although he does not explain how he learned of the order. While it is our routine

practice to serve an order to show cause on the respondent by mail, this default does not

warrant reinstatement of petitioner who is presently not admitted to the bar of any state or

federal district court.

Petitioner has not demonstrated that he was denied due process in the proceedings that

led to his disbarment by the Appellate Division. Under these circumstances, he is not entitled

to have the order of disbarment set aside. The petition, however, asserts that

"[n]otwithstanding the legal deficiencies of the default order of disbarment entered herein

. . . petitioner submits the instant petition for reinstatement pursuant to the provision of Local

Civil Rules 1.5(e)." The latter permits an attorney "whose name has been struck from the

role of the members of the bar of this court" to apply for reinstatement "for good cause shown."

Petitioner, however, cannot avail himself of this provision because a necessary precondition for admission to the bar of the Eastern District is that the applicant be a member in good standing of the bar of the State of New York or other jurisdictions not here relevant. Local Civil Rule 1.3(a). Since petitioner is not admitted to practice in any jurisdiction, the Committee on Grievances denies his application for reinstatement without prejudice to renewal if he is readmitted to practice in New York or another jurisdiction specified in Rule 1.3(a).

**SO ORDERED:**

Brooklyn, New York
May 3, 2005

s/Edward R. Korman
Edward R. Korman
United States Chief District Judge